[Civ. No. 10082.   Second Appellate District, Division One.—December 10, 1935.]

CHARLES D. GRIFFITHS et al., Respondents, v. PAUL R. CRAWFORD et al., Appellants.

C. Ransom Samuelson for Appellants.

Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Respondents.

ROTH, J., *pro tem.*—Edna Griffiths (who will be referred to herein as respondent) was struck by an automobile operated by appellant Crawford, an employee of appellant Melone Co., a corporation, as she was crossing Broadway from the north to the south between Locust Street and Tribune Court, all public streets in the city of Long Beach, at about 5 o'clock in the afternoon of September 2, 1933. In an action brought for personal injuries, the trial was commenced before a jury. The jury was thereafter, upon stipulation of counsel, dismissed, and the trial was finished by the court alone, which gave judgment to respondent in the sum of $5,000, and to her husband, respondent Charles D. Griffiths, who was joined as plaintiff, in the sum of $178.55, against both appellants.

The judgment is attacked on two grounds: First, that the $5,000 awarded to respondent is excessive; and second, that the entire judgment is void because the evidence shows contributory negligence as a matter of law on the part of respondent. The record shows without dispute that respondent crossed Broadway between the two streets, and

at the time mentioned it is admitted that there was no crosswalk at the point selected by respondent, and that her action in crossing at the place which she selected was in violation of a city ordinance of the city of Long Beach, requiring pedestrians to cross at street intersections or at crosswalks provided for that purpose. Respondent admits the ordinance, but calls attention to the fact that section 131½ of the California Vehicle Act does not make a crossing under such circumstances negligence *per se,* but merely requires a pedestrian who does cross under such circumstances to yield the right of way to vehicles using the street. Respondent's point in this regard is that even if such action on her part was negligent, it does not necessarily follow that such negligence contributed to the accident and the consequent injuries. This is of course the law. (*Skaggs* v. *Wiley,* 108 Cal. App. 429, 433 [292 Pac. 132]; *Crawford* v. *Southern Pacific Co.,* 3 Cal. (2d) 427 [45 Pac. (2d) 183]; *Varner* v. *Hattenhaber,* 5 Cal. App. (2d) 199 [42 Pac. (2d) 674]; *Lorry* v. *Englander Drayage & Warehouse Co.,* 108 Cal. App. 116 [291 Pac. 467].) ▇ The evidence on the subject of contributory negligence is, as might be anticipated, conflicting. Respondent's corroborated testimony shows that before she stepped off the north curb of Broadway, she was looking to observe the condition of the traffic and saw no traffic moving from east to west. She then stepped off between two parked automobiles walking to the south as she cleared the automobiles, and before proceeding farther to the south, she again looked to the traffic, particularly to the east, and seeing no traffic moving on the north side of Broadway from Locust to Tribune Court, that is, from east to west, she continued at an ordinary pace to the south, paying particular attention to the traffic from the east. Her testimony further establishes that at no time did she see a car approaching from the east and that just as she was about to reach an imaginary center line that separates the north half from the south half of Broadway, she looked to the west and observed no traffic. She then testified that just as she was about to cross to the south half of Broadway, she was struck by the automobile of appellants coming from the east. The finding of these facts in respondent's favor is sufficient to establish her freedom from contributory negligence. The language of the court in *Kienlen* v. *Holt,* 106 Cal. App. 135 [288 Pac.

866], is appropriate to and decisive of the facts in the case at bar. In the Kienlen case the court says at page 140: "The trial court might have easily found that both parties were negligent in the operation of their automobiles. . . . However, the trial court found that the respondents were free from any negligence, and that appellant was guilty of the negligent operation of his automobile and solely responsible for the accident and the ensuing damage. If there is any evidence in the record, or any reasonable inference to be drawn from such evidence, to sustain the findings of the trial court they cannot be disturbed here. (*Witherow* v. *United American Ins. Co.*, 101 Cal. App. 334 [281 Pac. 668].)"

■ The evidence on the issue of damages does not show any grave injuries except a substantial impairment of the senses of taste and smell in addition to the minor injuries of a demonstrative physical character. On the question whether respondent's taste and smell were impaired, the evidence was conflicting and entirely subjective. It is evident from the record that the trial court believed respondent on that issue. There is sufficient evidence in the record given by respondent and two experts, who testified in her behalf, to sustain the trial court's implied finding in that regard. Other than the amount of the verdict, there is no evidence of passion or prejudice. Since we must assume that the trial court came to the conclusion that respondent's senses of taste and smell were permanently impaired, it cannot be said that the amount alone indicates that the judgment is excessive or gravely disproportionate. It is settled that, "Unless we are able to say that the award of damages made by the jury and sustained by the trial court was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice or corruption, rather than an honest and sober judgment, this court may not exercise the power of revision. . . ." (*Kelley* v. *Hodge Transportation System*, 197 Cal. 598, 610 [242 Pac. 76].) We find nothing in the record to indicate passion or prejudice.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1936.