[S. F. No. 16354.   In Bank.—April 30, 1940.]

HUGH J. QUINN, Respondent, v. M. ROSENFELD, Appellant.

Cooley, Crowley & Supple for Appellant.

F. Bert Fernhoff and Robert R. Ashton, as *Amici Curiae*, on Behalf of Appellant.

James C. Purcell and William E. Ferriter for Respondent.

Philander B. Beadle, Felix M. Cunningham, John J. Taheny and Joseph Francis Murphy, as *Amici Curiae*, on Behalf of Respondent.

SHENK, J.—The plaintiff sued to recover damages for personal injuries suffered when he was run into by the defendant's automobile as he was crossing Geary Street between Scott and Divisadero Streets in the city of San Francisco. The defendant denied the charge of negligence and interposed the defense of contributory negligence. The case was tried without a jury. The court found for the plaintiff on all the issues and rendered judgment in his favor for $2,800. The defendant appealed.

The plaintiff had been employed for about seven years at a firehouse located in a residential district on the northerly side of Geary Street between Scott Street on the east and Divisadero Street on the west. About 6:35 P. M. on Sep-

tember 29, 1937, the plaintiff stepped from the northerly curb in front of the firehouse, with the intention of crossing the street at that point for the purpose of going to a store on the southeast corner of Geary and Divisadero Streets. There was no crosswalk at the point of crossing selected by the plaintiff. There were established crosswalks and stop signs at both intersections. A pole with a lighted street lamp stood about two feet east of the point where the plaintiff entered the street, and the doors of the lighted firehouse remained open. The plaintiff wore a dark blue uniform. He stopped behind a parked car which was to the west of him. There were no parked cars to the east for a distance of about 75 feet. He looked to the east and at a distance of 135 to 150 feet observed the lights of the defendant's car in the traffic lane on the north side of the car tracks approaching at a speed of about 20 to 25 miles an hour. He proceeded safely as far as the northerly rail of the westbound car tracks and stopped again to permit another westbound automobile, which had passed the defendant's car and which was moving at a high rate of speed, to pass in front of him. Before proceeding he observed the defendant's car again, and saw that it was swerving onto the westbound car tracks and coming directly towards him. He stepped back but before he could clear the defendant's path he was struck by the right front fender of the vehicle.

The defendant testified that at no time did he see a man in the path of his car, but that he became aware of a shadow which he thought was a car backing out from the curb and that he swerved to his left to avoid it.

The principal ground of the appeal is that the evidence does not support the findings or the judgment. Over the objection of the plaintiff, paragraphs 2 and 3 of section 10, article IV of the San Francisco Traffic Ordinance (No. 7691, New Series) were introduced in evidence. Paragraph 2 reads:

"Outside of the central traffic district or a business district, no pedestrian shall cross a roadway other than by a route at right angles to the curb, and when crossing at any other place other than a crosswalk, shall yield the right of way to all other vehicles on the roadway."

Paragraph 3 is as follows:

"It shall be unlawful for any person to be in any roadway other than in a safety zone or crosswalk, provided that this

provision shall not be construed to prevent the necessary use of a roadway by a pedestrian.''

It is the defendant's contention that inasmuch as crosswalks were established at Scott and Divisadero Streets, a necessary use of the street at the point selected was not shown by the plaintiff, and that his attempt to cross at that point under the circumstances was negligence which proximately contributed to his injuries as a matter of law.

The plaintiff's position is that the ordinance was void because its provisions were in conflict with the California Vehicle Code, relying on *Ex parte Daniels,* 183 Cal. 636 [192 Pac. 442, 21 A. L. R. 1172]; that in any event his conduct was not in violation of the ordinance, but, if otherwise, the question of proximate cause was one of fact and not of law.

Chapter 10 of division IX of the Vehicle Code relating to ''Traffic Laws'' deals with ''Pedestrian's Rights and Duties''. (Secs. 560 to 564.) Section 560 states the pedestrian's right of way at crosswalks. Sections 561 and 562 direct when the pedestrian shall yield the right of way. Section 562 provides:

'' (a) Every pedestrian crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

'' (b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.''

Section 563 reads:

'' (a) At intersections where traffic is controlled by a traffic signal device or by police officers, pedestrians shall not cross the roadway against a red or stop signal.

'' (b) Between adjacent intersections so controlled pedestrians shall not cross at any place except in a crosswalk.''

Section 564 states the duty of the pedestrian in country areas to walk close to his left-hand edge of the roadway.

Section 458, also contained within division IX of the Vehicle Code, reads:

''The provisions of this division are applicable and uniform throughout the State and in all counties and municipalities therein and no local authority shall enact or enforce any ordinance on the matters covered by this division unless expressly authorized herein.''

The ordinance does not fall within any of the express authorizations (sec. 459).

The defendant argues that the ordinance related to a matter not covered by division IX of the Vehicle Code, and was therefore a valid enactment, relying on *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281], and similar cases. However, our conclusion that the ordinance appears not to prohibit crossing between the intersections here involved makes it unnecessary to discuss the other questions regarding the validity of the ordinance. The only parts of the ordinance introduced in evidence, as noted, were paragraphs 2 and 3. ■ It is apparent from the language of paragraph 2 that the pedestrian is permitted to cross roadways outside of the central or a business district at a place other than a crosswalk, so long as he does so by a route at right angles to the curb and yields the right of way to all vehicles on the roadway. Here the street was in a residence district and was therefore outside the central or a business district.

■ Paragraph 3 makes it unlawful for any person to *be* in any roadway other than in a safety zone or crosswalk, "provided that this provision shall not be construed to prevent the necessary use of a roadway by a pedestrian".

We cannot construe the language of paragraph 3 as a prohibition against *crossing* except at a crosswalk. If it were so construed it would be contrary to and inconsistent with the provisions of paragraph 2. ■ Ordinarily, crossing a street is a necessary and proper use of it, and the permission to cross at points between crosswalks implied in the language of paragraph 2 is a recognition of such use as a necessary use. So construed, the provisions of the ordinance are not inconsistent with the provisions of the Vehicle Code. Therefore, unless it clearly appears that the ordinance contains some restriction not included in the statute there is no occasion in a case such as this to consider further the question of claimed invalidity. No serious contention is made that the plaintiff was crossing the roadway otherwise than at right angles to the curb. The plaintiff testified that his route was on such a straight line, and not diagonally, from his position in the rear of the parked car. The defendant testified that he did not see the plaintiff.

■ We find no merit in the contention that the provisions of section 563 of the Vehicle Code were applicable. It ap-

pears that there were "stop" signs at the intersections, but there was no evidence that the intersections were controlled by a "traffic control signal device" or by a police officer. An unchanging lettered "stop" warning is a sign, not a controlled "stop and go" signal. The language of the section, which also refers to control by police officers and prohibits crossing against a red or stop signal, must necessarily refer to mechanically controlled stop and go signals, which are operating, as "traffic control signal devices". (*Brown* v. *Regan,* 10 Cal. (2d) 519 [75 Pac. (2d) 1063].)

By section 562 (a) of the Vehicle Code the plaintiff was required to yield the right of way to all vehicles on the roadway. But by the provision of subdivision (b) of the same section the defendant was not thereby relieved from the duty of exercising due care. His duty did not arise only when he saw the plaintiff. It was a constant duty, and that duty would be breached if, under the circumstances, he failed to see when an ordinarily prudent person exercising due care would have seen. We cannot say that before proceeding the plaintiff should have waited for a vehicle to pass which was traveling at a relatively slow rate of speed and approaching from a distance of 135 to 150 feet, nor that his failure to do so necessarily constituted a violation of the statute. On the record here presented the question whether the plaintiff did all that a reasonable man was required to do in compliance with the statute, the questions of negligence, contributory negligence and of proximate cause, were for the court to determine. (*Genola* v. *Barnett,* 14 Cal. (2d) 217 [93 Pac. (2d) 109], and cases cited; see, also, *Mitrovich* v. *Graves,* 25 Cal. App. (2d) 649 [78 Pac. (2d) 227].)

The case of *Meincke* v. *Oakland Garage, Inc.,* 11 Cal. (2d) 255 [79 Pac. (2d) 91], is not controlling on the facts of this case. There the violation of a city ordinance prohibiting crossing between intersections was admitted. The question of alleged conflict between the ordinance and the state law was not presented by the parties. It was attempted to be presented for the first time by an *amicus curiae* in support of a petition for a rehearing in this court.

There is no merit in the contention that the probative facts found are inconsistent with the findings of the ultimate facts and that they overcome the latter as a matter of law. The findings of the probative facts are susceptible of a construction which will support the judgment for the plaintiff.

In such case they do not, of course, adversely affect the findings of the ultimate facts. (*People* v. *McCue,* 150 Cal. 195 198, 199 [88 Pac. 899]; *Hammond Lumber Co.* v. *Barth Investment Co.,* 202 Cal. 606, 609 [262 Pac. 31].)

The judgment is affirmed.

Curtis, J., Houser, J., Gibson, J., Carter, J., and Waste, C. J., concurred.