[S. F. No. 16720. In Bank. Oct. 29, 1942.]

ROBERT FUENTES, Respondent, v. LEE LING, Appellant.

Snook & Snook & Chase and Snook & Chase for Appellant.

Leon A. Blum for Respondent.

TRAYNOR, J.—This action was brought by plaintiff to recover damages for personal injuries that he incurred when struck by an automobile operated by defendant. The accident occurred at about 7 o'clock on the evening of December 30, 1938, on Third Street between Kirkwood and LaSalle Avenues in San Francisco. Third Street, an arterial boulevard extending north and south, is a main highway between San Francisco and points south. It is approximately eighty feet wide and is marked by white lines dividing six lanes of traffic. Between Kirkwood and LaSalle Avenues, the frontage of Third Street is occupied by stores, apartments, flats, and a public garage and constitutes a business district as that term is used in traffic laws. When the accident occurred it was a clear night and the street was well lighted by street lights and Christmas light streamers strung throughout the block. Plaintiff, clad in a dark suit, was crossing Third Street at right angles from east to west in the middle of the block when he was knocked down by the automobile that defendant was driving south on the west side of Third Street in the second lane of traffic. There is no pedestrian crosswalk in the middle of the block where plaintiff attempted to cross and where the accident occurred. There are such crosswalks marked by white lines at the intersections of Third Street. Plaintiff testified that he was more than halfway across the street when he first saw defendant's car approaching from a distance of approximately 200 feet, and that he thought that he could cross in safety before defendant's car traveled the distance of 200 feet or reached the middle of the block, although the car was traveling at a "fast" speed. A traffic officer's report described plaintiff at the time of the accident as "under the influence of intoxicants," and hospital records described plaintiff as having a strong alcoholic breath, but plaintiff tes-

tified that he was not drunk and had taken no intoxicants on the day of the accident. Defendant and his son, who was riding with him in the front seat, testified that they did not see plaintiff before the impact although they were both observing the highway. They, as well as other occupants of the automobile, estimated its speed as between 18 and 20 miles per hour. Witnesses for the plaintiff testified that the automobile was traveling at a rate of 40 to 45 miles per hour. Defendant brought his car to an almost immediate stop after the right front part of the car struck plaintiff. Plaintiff fell to the pavement with his head near the west curb and his feet under the running board of the car at about five feet north of the car's front bumper. There were no skid marks on the pavement.

After a trial without a jury, the court made findings in favor of plaintiff and entered judgment for him in the amount of $4,373 and costs. Defendant has appealed from the judgment on the ground that plaintiff was guilty of contributory negligence as a matter of law and that the evidence was insufficient to support the findings and judgment.

 The contention that plaintiff was guilty of contributory negligence as a matter of law rests on the violation of section 10 of article 3 of Ordinance 7691, New Series, of San Francisco, which provides: "When within the central traffic district or a business district no pedestrian shall cross a roadway other than by a crosswalk." Plaintiff admittedly violated the ordinance. It has recently been held, however, that the Vehicle Code (§§ 458, 560-564) regulates the use of public roadways by pedestrians to the exclusion of local ordinances. (*Pipoly* v. *Benson*, 20 Cal.2d 366 [125 P.2d 482]. The San Francisco ordinance is indistinguishable from the Los Angeles ordinance held invalid in the Pipoly case. It follows therefore that plaintiff's violation of the ordinance did not constitute contributory negligence *per se*.

 Defendant contends that plaintiff's conduct was also a violation of the Vehicle Code and therefore constituted contributory negligence as a matter of law. Section 562 of the Vehicle Code provides: "(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." It does not prohibit a pedestrian from crossing outside of a crosswalk, however. (*Genola* v. *Barnett*, 14 Cal.2d 217 [93 P.2d 109].)

Moreover the statute provides that "The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway." It cannot be said that as a matter of law a pedestrian who crosses a well lighted business street in the middle of a block is guilty of violating the statute or of negligence proximately contributing to his injury when he proceeds on his way after having observed an automobile approaching from a distance of 200 feet, with nothing to obstruct his view or that of the driver. (See *Quinn* v. *Rosenfeld*, 15 Cal.2d 486 [102 P.2d 317]; *Genola* v. *Barnett, supra; Mitrovitch* v. *Graves*, 25 Cal.App.2d 649 [78 P.2d 227]; *Varner* v. *Skov*, 20 Cal.App.2d 232 [67 P.2d 123]; *White* v. *Davis*, 103 Cal.App. 531 [284 P. 1086].) Section 563 of the Vehicle Code prohibits pedestrians from crossing except in a cross-walk between adjacent intersections where traffic is controlled by a traffic control signal device or by police officers. There is no evidence, nor is it contended that the traffic was so controlled at the intersections of Third Street and Kirkwood or LaSalle Avenues.

The questions of negligence and contributory negligence were for the trial court to determine (*Quinn* v. *Rosenfeld, supra; Genola* v. *Barnett, supra; Mitrovitch* v. *Graves, supra; White* v. *Davis, supra*), and its findings when supported by the evidence will not be disturbed on appeal. ■ The evidence as to the negligence of defendant was conflicting. The ability of defendant to stop his automobile within five feet after the collision suggests the improbability of excessive speed, but even if the court accepted the defendant's version in that regard it might have concluded that defendant was negligent in not observing plaintiff on a well lighted street. ■ The evidence as to plaintiff's intoxication was also conflicting, but even if the court believed that plaintiff had taken intoxicants it does not necessarily follow that his judgment or motor coordination were so affected as to make him guilty of contributory negligence.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J. pro tem., concurred.