[Civ. No. 2661. Fourth Dist. Feb. 10, 1943.]

BONNIE LEE HEARN, a Minor, etc., et al., Appellants, v. FRED GUNTHER, Respondent.

Brittan & Mack and Kendall & Howell for Appellants.

Borton, Petrini, Conron & Borton for Respondent.

GRIFFIN, J.—Respondent adopts appellants' statement of facts as related in their brief. It shows that about

9:30 a. m. on September 12, 1940, plaintiff and appellant Elsie Bafuna and Viola Hearn, deceased mother of Bonnie Lee Hearn, a minor, left the Midland Hotel in Bakersfield, which hotel was operated by appellants Ralph and Elsie Bafuna, and in which the deceased was employed, to go to the store of Sears Roebuck & Company to do some shopping. The Midland Hotel is located approximately 90 feet east of the intersection of Nineteenth Street and K Street on the northerly side of Nineteenth. The entrance to the Sears Roebuck & Company store, to which the ladies were walking, is located directly across Nineteenth Street from the entrance to the Midland Hotel. At the intersection of Nineteenth and K Streets there were electrically operated traffic signals operating in all four directions and there were cross-walks for pedestrians clearly designated and marked with white lines indicating their boundaries. The two ladies came out of the entrance to the Midland Hotel together talking to each other. They proceeded across the sidewalk to the curb. Mrs. Bafuna looked in both directions while they were crossing the sidewalk. The ladies then stepped down over the curb to the street at a point about 66 feet east of the cross-walk. Mrs. Bafuna walked to the left of Mrs. Hearn. There were cars parked along the north side of Nineteenth Street in the vicinity of the hotel but there was ample room for the two ladies to walk abreast between the cars. After going between the automobiles and stepping out into the street, Mrs. Bafuna again looked both ways, but she did not see defendant's car at that time. She did notice, however, that the stop sign at the intersection of Nineteenth and K Streets was stopping traffic traveling on Nineteenth Street. The next time Mrs. Bafuna looked was when she was approximately in the middle of the street. She looked and saw that the stop sign was still stopping traffic traveling on Nineteenth Street. As she started to look to the east the car of the defendant struck her. At the time the car struck her the deceased, Mrs. Hearn, was to her right and holding her hand. The defendant's car knocked both of the ladies down and injured them. The injury to Mrs. Hearn resulted in her death four days later. The defendant had been driving westerly on Nineteenth Street at a speed estimated by himself at 20 miles per hour. He was driving well out into the center of the street and approximately on the north line of the car tracks which were running along the street. The

defendant did not see the ladies approaching at any time until they were approximately 5 feet in front of his car. The left front side of his car struck them. The defendant did not see Mrs. Hearn at all until after the accident. He testified that Mrs. Hearn was "directly behind my line of vision as far as Mrs. Bafuna was concerned." From this testimony and from the position of the car after the accident, which was placed by the traffic officer at about one foot to the south of the south rail of the north pair of car tracks, it appears that all the defendant did to avoid the accident after seeing the two ladies was to apply his brakes. During the time he was covering the last 75 feet prior to the impact, he was not looking directly in front of him but had his head diverted to the left. There was nothing to obstruct the defendant's vision of the ladies as they crossed the street. He testified that he was looking to observe traffic coming from the west. However, one witness testified that the defendant was looking at the display of fishing tackle and guns in the window of the Sears Roebuck & Company store.. It was stipulated at the trial that there was an ordinance in force in the city of Bakersfield providing that "When within a business district, no pedestrian shall cross a roadway other than by a crosswalk." It was also stipulated that the area in which the two ladies crossed the street was within a business district. At the conclusion of the plaintiffs' case, the defendant moved for a nonsuit, which motion was denied. At the conclusion of the defendant's case, the defendant again moved for a nonsuit and the court granted it on the ground that the deceased and the plaintiff Elsie Bafuna were guilty of contributory negligence as a matter of law.

This case was decided by the trial court on February 17, 1941, prior to the decision in the cases of *Pipoly* v. *Benson*, 20 Cal.2d 366 [125 P.2d 482], decided May 1, 1942, and *Ryan* v. *San Diego Electric Railway Co.*, 52 Cal.App.2d 460 [126 P.2d 401], holding in effect that an ordinance prohibiting pedestrians from crossing public roadways other than by cross-walks in a central or business district is invalid. Respondent now contends that notwithstanding the ruling in the above entitled cases that the ordinance is invalid, that appellants, by their failure to object to the reception of the city ordinance in evidence, have waived their right to argue the question of the invalidity of the ordinance on appeal, citing *Hershey* v. *Reclamation District No. 108*, 200 Cal. 550 [254

P. 542]. ■ The granting of a nonsuit is deemed excepted to under section 647 of the Code of Civil Procedure and the court's ruling thereon may be reviewed on an appeal from a judgment based upon such order. Under section 646 of the Code of Civil Procedure an exception is an objection upon a matter of law to a decision made, either before or after judgment, by a court, tribunal, judge, or other judicial officer, in an action or proceeding. The exception must be taken at the time the decision is made, except as provided in section 647. ■ The instant case was not permitted to go to the jury. Had the case gone to the jury no doubt the court would have instructed it in the language of the city ordinance. Instead, the court construed the city ordinance as binding upon it, and disregarded the provisions of section 562 of the Vehicle Code, which permits a pedestrian to cross a roadway at a point other than within a marked crosswalk, but adds that such person shall then yield the right of way to all vehicles upon the roadway. We must therefore hold that although the appellants did not object to the admission in evidence of the city ordinance, they are not estopped from raising the invalidity of the ordinance on appeal, as contended by respondent, and we are not precluded on appeal from reviewing the order of the court which erroneously construed the validity of the ordinance when it granted the nonsuit, where such order (granting a nonsuit) is deemed excepted to under section 647, *supra*. This was the effect of a portion of the decision in *Pipoly* v. *Benson, supra*. (See, also, *Weiner* v. *Roof*, 10 Cal.2d 450 [74 P.2d 736].) ■ In view of the established law and the evidence here recited, the question of the contributory negligence of the appellants was one of fact for the jury and not of law. (*Fuentes* v. *Ling*, 21 Cal.2d 59 [130 P.2d 121]; *Quinn* v. *Rosenfeld*, 15 Cal.2d 486 [102 P. 2d 317]; *Mitrovitch* v. *Graves*, 25 Cal.App.2d 649 [78 P.2d 227]; *Wiswell* v. *Shinners*, 47 Cal.App.2d 156 [117 P.2d 677]; *Griffiths* v. *Crawford*, 10 Cal.App.2d 543 [52 P.2d 548].)

Judgment reversed.

Barnard, P. J., and Marks, J., concurred.