[Civ. No. 14655. Second Dist., Div. Three. Sept. 28, 1945.]

CHARLIE F. BAYS, Respondent, v. JOHN M. CLUGSTON, Appellant.

Hunter & Liljestrom for Appellant.

Lindelof & Perelli-Minetti for Respondent.

WOOD (Parker), J.—This is an action for damages for personal injuries sustained by plaintiff, a pedestrian, as a result of being struck by an automobile driven by defendant. In a trial without a jury, plaintiff obtained judgment. Defendant appeals from the judgment and contends that plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred about 110 feet south of the intersection of Los Robles Avenue and Del Mar Avenue in Pasadena. These avenues will be referred to as Los Robles and Del Mar. Los Robles in that vicinity extends north and south and is 48 feet wide. Del Mar extends east and west, intersects Los Robles at a right angle, and is 32 feet wide. At the intersection there are marked pedestrian crosswalks extending across Los Robles at the north and south sides of Del Mar. There is a sidewalk on each side of Los Robles, and between each sidewalk and the curb there is a parkway. Along each parkway there are large pepper trees, the branches of which overhang the street on each side approximately 18 feet. There were street lights on each of the four corners of the intersection, and there was a street light on the east side of Los Robles about 100 feet south of the intersection and another street light on the west side of Los Robles about 85 feet south of the intersection. The street lights were lighted at the time of the accident. There were no traffic signals at the intersection and there were boulevard stop signs only for east-west traffic on Del Mar. There were no white pavement lines on Los Robles at the place of the accident.

Plaintiff lived at the southwest corner of the intersection above mentioned, and kept his automobile in a garage at the rear of a residence on the east side of Los Robles. The driveway from the street to the garage is 160 feet south of the south curb of Del Mar. On October 23, 1941, about 6:15 p. m., after dark and when the atmospheric conditions were foggy, and there was a drizzling rain, plaintiff drove his automobile to the garage, and then walked westerly along the driveway to the sidewalk on the east side of Los Robles, and thence diagonally in a northwesterly direction to the east curb of Los Robles to a point about 130 feet south of the south curb of Del Mar.

Plaintiff testified that he stopped at said point on the east curb of Los Robles, looked toward the south along Los Robles, saw an automobile approaching about 175 to 200 feet away, and he waited until that automobile passed him and then stepped into the street; that he walked diagonally in a north-westerly direction across Los Robles intending to go to his residence on the southwest corner of the intersection; that he did not look toward the south again until he had gone to a point on Los Robles designated on a map in evidence as point "C." Point C was approximately 10 feet west of the center of Los Robles. He testified further that when he was at point C he saw two or more cars coming from the north on Los Robles and he waited at point C until those cars had passed to the west of him; that there was another car coming from the north which passed to the east of him; that after those cars had passed him, while he was at point C, he heard "the rubber burning" behind him and he looked over his shoulder and "got a glance of one heading in my (his) direction," and he then ran 2 or 3 steps and was struck by the bumper of defendant's automobile which was coming from the south; that defendant's car traveled about 6 feet in a northwesterly direction after it struck him; and that when the automobile came to a stop plaintiff was hanging on the left side of the front bumper. Plaintiff testified that he was 73 years of age; that at the time of the accident he was wearing a white hat, dark coat, and overalls with white and blue stripes; and that his hearing and eyesight were good.

Defendant testified that he was driving north on Los Robles, about 3 feet east of the center of the street, traveling between 20 and 25 miles an hour; that the headlights of his automobile were on the "low-beam"; that the visibility was extremely bad; that the windshield wipers were working; that he could see 20 or 30 feet ahead of his automobile; that as he was proceeding on Los Robles he saw a silhouette, 20 to 25 feet ahead of him, against the light of approaching cars; that when he saw that object he turned to the right as far as he could, about 2 feet, applied the brakes, and stopped the car; that there was no impact between his car and the object; that he opened the door of his car and looked back to see if the object, which he assumed was a human being, was proceeding on its way to the curb, and he saw a dark object in back of him in line with the left side of his automobile; that he went back to that object, a distance of approximately 12 feet from his auto-

mobile, and found the plaintiff "on one knee" and he had some currency in his hand.

A witness called on behalf of defendant testified that at the time of the accident he was driving his automobile north on Los Robles and he noticed a dark object in the street when he was between 50 and 60 feet from the object; that as he drew closer he noticed it was a man; that the man, the plaintiff, was lying approximately in the center of the street; that an automobile was standing on Los Robles "just directly ahead" of the plaintiff, approximately 8 feet north of him and 4 feet to the east; that the tail light of the automobile was lighted; and that the plaintiff had some currency in his hand.

A police officer, called on behalf of defendant, testified that he was present at plaintiff's home when plaintiff said to another officer that, "The car was not coming very fast. I thought I could get by him when I was in front, it hit me near the center of the street." He testified further that defendant said, "All of a sudden the man loomed up in front of my car, which was about 150 feet south of Del Mar. He was about 50 feet in front of my car and standing still. I yelled and swung my car and put on the brakes. I did not feel any impact. As I went by, I saw shadows in the street. I then stopped my car."

The court found that plaintiff stopped at the curb before going upon the street, looked northerly and southerly along Los Robles, and saw the headlights of one automobile some 200 feet to the south of the point where he was standing; that he thereupon began to walk slowly across Los Robles in a westerly direction "angling to the north"; that plaintiff yielded the right of way to the automobile which passed to the west of him, and then continued walking across Los Robles in a careful manner until he "had about reached the center of Los Robles"; that defendant operated his automobile so negligently at a speed greater than was then reasonable so as to strike plaintiff who was then "about at the center line of Los Robles Avenue"; and that the negligence of the defendant was the sole proximate cause of the accident.

■ The evidence was sufficient to support the finding that defendant was guilty of negligence proximately causing the accident. It should not be concluded as a matter of law that plaintiff was guilty of contributory negligence. Plaintiff was required under the provisions of section 562 of the

Vehicle Code to yield the right of way to vehicles upon the street. When plaintiff was about to start across the street he yielded the right of way to an automobile which was then about 200 feet away, which automobile, in the view of the evidence most favorable to plaintiff, was the only automobile then approaching which would constitute an immediate hazard. ■ Plaintiff was not prohibited by the provisions of said section 562 from crossing the street at a place outside a crosswalk. (*Genola* v. *Barnett*, 14 Cal.2d 217, 220 [93 P.2d 109].) Even if plaintiff failed to yield the right of way, defendant was not relieved from the duty to exercise due care for the safety of plaintiff. (Veh. Code, § 562.) ■ The plaintiff was about the center of the street when the accident occurred. There was no marking on the street to indicate the center. According to the testimony of one of the officers, the defendant said he saw the plaintiff standing still about 50 feet in front of defendant's automobile. The defendant testified, as above stated, that under conditions when visibility was extremely bad and he could see only 20 or 30 feet ahead, he was traveling about 25 miles an hour near the center of the street. He said there was no impact; however, for some reason he stopped his automobile quickly and went back to the "dark object" he had just passed. The impact was of sufficient force to break plaintiff's legs. In *Shipway* v. *Monise*, 59 Cal.App.2d 565, it was said at page 571 [139 P.2d 60] : "While the duty to yield the right of way, imposed on a pedestrian by section 562, may call for a higher degree of care while crossing between intersections, the real question of fact in such a case is whether the required care has been exercised, and not merely whether or not the right of way has been actually yielded." In *Fuentes* v. *Ling*, 21 Cal.2d 59 [130 P.2d 121], wherein a pedestrian was crossing a street outside a crosswalk, the court said at page 62: "The questions of negligence and contributory negligence were for the trial court to determine [citing cases], and its findings when supported by the evidence will not be disturbed on appeal."

The judgment is affirmed.

Desmond, P. J., and Fox, J. pro tem., concurred.