[Civ. No. 16198. Second Dist., Div. Two. Mar. 8, 1948.]

EDWARD C. JACOBY, Respondent, v. PETE JOHNSON, Appellant.

Ernest P. Morgan for Appellant.

W. N. Deatherage for Respondent.

WILSON, J.—This action for personal injuries was tried by the court without a jury. Findings and judgment were entered in favor of plaintiff. Defendant appeals.

Appellant contends that the evidence is insufficient to sustain the findings (1) that his negligence was the direct and proximate cause of respondent's injuries, and (2) that respondent was not guilty of contributory negligence.

Clark Avenue is a public street extending northerly and southerly in the Mayfair District of Bellflower. It is 60 feet in width, with a double white line in the center, on each side of which, 10 feet from the center, is a single white line marking traffic lanes. There is a space of 20 feet between each single white line and the adjacent curb. The accident occurred between Ashworth Street and Rose Avenue, both of which extend easterly and westerly crossing Clark Avenue.

On the afternoon of December 15, 1945, respondent parked his car near the middle of the block on the east side of Clark Avenue next to the curb and opposite the entrance to a market which was on the west side of the street. He went to the market, made a purchase, and between 5:30 and 5:45 o'clock p.m., walked to the curb on the west side of Clark Avenue. He looked north and south for traffic and saw one car coming from the north. He waited until it had passed, then walked easterly to the double white line. There being no traffic coming from the north, he looked toward the south all the time while he was traversing the westerly half of the street. When he reached the center line he stopped. He saw two cars coming from the south in the lane next to the double white line, the first being a Model T Ford coupe which was traveling slowly. The driver stopped and motioned respondent to cross in front of the Ford. Respondent also observed a second car (appellant's, in the traffic lane behind the Ford coupe at a distance of about 350 or 375 feet. Upon receiving the signal from the driver of the Ford respondent proceeded easterly and when he had taken about three steps beyond the Ford the second car swerved from the inside lane in which it had been traveling and passed to the right of the Ford. Respondent was struck at a point approximately 10 feet west of the east curb line and was propelled approximately 15 feet. Two witnesses who had crossed the street

immediately in front of respondent testified that appellant's car was traveling between 35 and 40 miles per hour (this was a 25-mile zone) and that appellant's car skidded at least 35 feet, as shown by skid marks on the pavement. Appellant testified that he was traveling at a rate of about 25 miles per hour. This conflict, as well as all other conflicts in the evidence, has been resolved in favor of respondent by the findings of the trial court.

Appellant testified that he was traveling on the inside lane and "when I saw this man over on the line I swerved out but then I kept on going again." There were no marked crosswalks at the intersection of either of the streets intersecting Clark Avenue north and south of the point of the accident, and there was no marked crosswalk in the middle of the block. It was a custom well known to appellant that patrons of the market crossed the street at the point of the accident in going to and from the market on the westerly side of the street. Appellant testified that he passed this point every day and that he had "seen probably a thousand people walk across there . . . They always used that crossway there by the entrance."

Whether or not (1) appellant was negligent, (2) respondent was contributorily negligent, and (3) respondent's negligence, if any, was a proximate cause of his injuries, were questions of fact to be determined by the trier of facts. (*Fuentes* v. *Ling*, 21 Cal.2d 59, 62 [130 P.2d 121] ; *Tomey* v. *Dyson*, 76 Cal.App.2d 212, 220 [172 P.2d 739].) The mere crossing of a street by a pedestrian in the middle of the block does not constitute contributory negligence that would preclude him from recovering damages if injured by an automobile. (Fuentes and Tomey cases, *supra*.) Whether or not in the circumstances existing here respondent was contributorily negligent is a question of fact to be determined by the trial court. (*Gett* v. *Pacific G. & E. Co.*, 192 Cal. 621, 627 [221 P. 376].) If the actions of the injured party are such that two reasonable and impartial persons would reach opposite conclusions as to whether he had exercised ordinary care, the question of contributory negligence must be left to the trier of facts. (*Wahlgren* v. *Market Street Ry. Co.*, 132 Cal. 656, 663 [62 P. 308, 64 P. 993] ; *Kapitan* v. *Smith*, 70 Cal. App.2d 454, 456 [161 P.2d 270] ; *Kienlen* v. *Holt*, 106 Cal.App. 135, 140 [288 P. 866] ; *Griffiths* v. *Crawford*, 10 Cal.App.2d 543, 546 [52 P.2d 548].)

Subdivision (a) of section 562 of the Vehicle Code requires that every pedestrian crossing a roadway at a point

other than that marked with a crosswalk or within an unmarked crosswalk at an intersection, shall yield the right of way to vehicles. This provision is qualified, however, by subdivision (b) of the same section, to the effect that the requirement of subdivision (a) ''shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.'' In *Quinn* v. *Rosenfeld*, 15 Cal.2d 486, 491 [102 P.2d 317], the court said that the duty of a driver to exercise due care does not arise only when he sees the peuestrian but is a constant duty which would be breached if under the circumstances he failed to see what an ordinarily prudent person exercising due car would have seen, and that under those circumstances it could not be said that before proceeding across the street the plaintiff should have waited for the vehicle to pass. In *Bays* v. *Clugston*, 71 Cal.App.2d 55, 59 [161 P.2d 953], it is said that even if the plaintiff, a pedestrian, failed to yield the right of way to a vehicle the driver of the vehicle was not relieved from the duty to exercise due care for the plaintiff's safety. The question as to whether a pedestrian crossing a street at other than a regular crosswalk exercised the proper degree of care is one for the trier of facts, unless he was so careless that it can be said that he was negligent as a matter of law. (*Brannock* v. *Bromley*, 30 Cal.App.2d 516, 524 [86 P.2d 1062].) ■ Although a pedestrian in crossing a roadway at a point other than a crosswalk is required to yield the right of way to an oncoming vehicle, he nevertheless may recover damages if injured while the vehicle is being operated at an excessive speed. (*Genola* v. *Barnett*, 14 Cal.2d 217, 223 [93 P.2d 109].) The court found in the instant case that the location where the accident occurred is a restricted 25-mile zone and that appellant was driving at an excessive rate of speed.

The duty imposed upon appellant by section 562(b) of the Vehicle Code, to exercise due care for the safety of pedestrians upon the highway, is emphasized by his evidence, to which we have referred, that he well knew that it was the custom of patrons of the market to cross the street near the middle of the block where the accident took place.

■ The findings of the court that appellant was negligent and that respondent was not cannot be disturbed by a reviewing court.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.