[Civ. No. 18793.   Second Dist., Div. Two.   June 16, 1952.]

CLAYTON M. STREIT, Respondent, v. MAUDE ADELE FRANKS, Appellant.

Bauder, Gilbert, Thompson & Kelly for Appellant.

Elbert E. Hensley and Allan M. Carson for Respondent.

FOX, J.—Plaintiff brought this action to recover damages for personal injuries sustained as a result of being struck on a highway in the city of Seal Beach by a vehicle driven by defendant. From a judgment of $25,000 entered on a verdict in favor of plaintiff after a jury trial, defendant appeals.

The accident occurred on March 10, 1950, at about 6:30 p. m. when darkness was coming on. Plaintiff was crossing the Pacific Coast Highway from north to south between white lines running across the highway, and was either just off the highway on an unpaved shoulder of the road or at the edge of the roadway in the act of jumping onto the shoulder when he was struck by the right side of defendant's automobile. Defendant, who was traveling east, had crossed over a bridge immediately before the accident, and, though the highway narrowed at the end of the bridge, continued straight ahead with the right wheels on the shoulder of the road at the place where the impact occurred. Defendant testified

that as she crossed the bridge just west of where plaintiff was hit, she struck a rough spot in the road which jolted the car, and was obliged to reach to her right to prevent a bag of tomatoes on the seat next to her from lurching off. Defendant failed to see plaintiff, and became aware that her car had struck something after she felt a bump and heard a thumping sound. Plaintiff testified that before crossing the highway from the north going in a southerly direction, he looked both to the east and the west and saw two cars approaching from the east. He kept this traffic under observation as he crossed between the white lines, and estimated the cars to be between 300 and 350 feet away as he began his crossing. When he reached the center line, which is 17 feet from the south edge of the pavement, he glanced again to the west in the direction of the bridge over which defendant was driving her car and noticed defendant's oncoming auto on the bridge, at a distance of about 400 feet. Plaintiff continued to cross and was about two or three feet from the edge of the pavement when he looked again and saw that defendant's car was almost upon him. Plaintiff leaped towards the shoulder of the road and testified that he was upon the shoulder when the impact with defendant's car occurred.

Stipulations were made that in 1947 Fire Chief Knighton, of the city of Seal Beach, by direction of the City Council of Seal Beach, painted the two white stripes hereinbefore mentioned across the roadway and that he repainted these lines again in 1948. It was also stipulated that John W. Mulcahy, city clerk of the city of Seal Beach, had made a thorough search of the city records and found no ordinance or resolution relating to the crosslines in issue prior to the date of the accident.

Defendant contends that the court committed prejudicial error in admitting evidence, over her objection, concerning the establishment of the white crosslines for the reason that such crosslines did not constitute a legally-established crosswalk, the city of Seal Beach having failed to authorize the crosswalk by a valid ordinance as required by law. (Veh. Code, § 459.2; Gov. Code, §§ 36930 to 36937.) Defendant further urges that the trial court committed prejudicial error both in its instructions to the jury as to what consideration it could give to the existence of the crosslines, and in its refusal to instruct the jury as she requested on the subject of the crosslines.

The instruction objected to reads as follows: "It is your

duty to formulate or determine what is the standard of conduct that would be observed by a reasonably prudent pedestrian under the facts of this case. If you find the cross lines were painted across the roadway at the place of this accident, then you may take that fact into consideration in determining the proper standard of conduct regardless of whether such a crosswalk was properly authorized or not.'' The court refused to give instructions (1) in the language of Vehicle Code section 562 regarding the duty of a pedestrian crossing a roadway outside a marked crosswalk to yield the right of way to vehicles upon the roadway, and (2) to the effect that the crosslines were put on the road without legal authority and so were not marked crosswalks within the meaning of the Vehicle Code.

It was appropriate for the court to admit evidence concerning the establishment of the crosslines on the highway, regardless of any technical defect in the mode of the authorization, since the de facto existence of the lines was of significance to the jury in an action predicated on defendant's negligence, to which defendant raised the affirmative defense of contributory negligence. In order for the jury to formulate the standard of care that a reasonably prudent person would have exercised in the situation in which plaintiff and defendant found themselves, the whole interplay of facts and circumstances relating to their reciprocal duties of care, including the appearance and condition of the road, was important to that end. The fact that the crosslines were there, that plaintiff used them, and that defendant was familiar with their existence, had a direct bearing on the issues.

While an ordinance irregularly enacted may insulate a wrongdoer from criminal prosecution it may still have the effect of establishing a standard of reasonable conduct which the trier of fact may take into consideration in determining civil liability. (*Clinkscales* v. *Carver*, 22 Cal.2d 72, 75 [136 P.2d 777].) Since the evidence objected to by defendant was properly admitted the court was correct in instructing the jury that they were entitled to consider the lines marked on the road in determining the question of defendant's negligence. The court did not commit error in refusing to instruct that the crosswalk had not been created pursuant to a duly-authorized ordinance in view of the fact that the jury were entitled to consider the physical presence of these crosslines, the fact that plaintiff availed himself of their apparent protection, and that defendant had knowledge of their existence, in determining the standard of care

that should have been employed by a reasonably prudent person. (*See Jacoby* v. *Johnson,* 84 Cal.App.2d 271, 275 [190 P.2d 243].)

Defendant's attack on the refusal of the trial court to instruct that under Vehicle Code section 562 plaintiff was under a duty to yield the right of way to defendant because of the former's crossing outside a legally established crosswalk, is without merit. The effect of such an instruction would have been to tell the jurors they could ignore the presence of the white crosslines. This they were not at liberty to do. Such an instruction would have been confusing and misleading in view of the previously quoted instruction which the court gave regarding the presence of these lines and the fact that they might be taken into consideration in determining the proper standard of conduct on the part of the plaintiff. In view of the circumstances under which this accident occurred, it was entirely proper for the questions of negligence of the defendant and the possible contributory negligence of the plaintiff to be submitted to the jury under the instructions as given.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1952. Schauer, J., was of the opinion that the petition should be granted.