**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50193 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00763-GW-1 |
| v. | |
| MIKELLE PENNINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 16, 2022
Pasadena, California

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and NAVARRO,[**]
District Judge.

After the district court denied his motion to suppress, defendant Mikelle

Pennington pleaded guilty to being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1).  Pennington reserved the right

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

to appeal the denial of his motion in his conditional plea agreement. The court sentenced him to 18 months' imprisonment. Pennington appeals the denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

The district court conducted an evidentiary hearing and found Deputy Miller's version of events to be more credible and reliable than Pennington's and Anthony Garcia's for reasons that included "the witnesses' demeanor and attitude while testifying." The court's credibility finding was not clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-75 (1985).

After crediting Deputy Miller's version of events, the district court concluded that the officers' stop of Pennington was based on reasonable suspicion of a traffic violation. "Reasonable suspicion is formed by 'specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *United States v. Colin*, 314 F.3d 439, 442 (9th Cir. 2002) (citation omitted). We review determinations of reasonable suspicion and probable cause de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

The government argues the officers had reasonable suspicion to believe

2

Pennington violated California Vehicle Code § 21955, which provides: "Between adjacent intersections controlled by traffic control signal devices or by police officers, pedestrians shall not cross the roadway at any place except in a crosswalk." The district court correctly rejected the government's argument. Even on Deputy Miller's version of events, Pennington's conduct would not necessarily violate § 21955. As the district court recognized, the evidence did not "establish[] that the relevant intersections on Cedar Street had traffic control devices." The government's contention that stop signs constitute traffic control devices is refuted by the California Supreme Court's decision in *Quinn v. Rosenfeld*, 102 P.2d 317, 319 (Cal. 1940).

The government also argues the officers had reasonable suspicion to believe Pennington violated California Vehicle Code § 21950(b), which provides that "[n]o pedestrian may suddenly leave a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard." The district court agreed with the government, reasoning that "the officers [saw] Pennington walking in the middle of Cedar Street towards their patrol car." That determination was erroneous because § 21950(b) is "intended to apply to those situations where a pedestrian unexpectedly asserts his right-of-way in an intersection at a time when the vehicle is *so close that it is virtually impossible to*

*avoid an accident*." *Spann v. Ballesty*, 81 Cal. Rptr. 229, 234 (Cal. Ct. App. 1969) (emphasis added); *see, e.g.*, *id.* (rejecting the notion "that a car anywhere on a street constitutes an immediate hazard to a pedestrian anywhere else on the same street."). Neither the government nor the district court point to any evidence in the record suggesting that Pennington suddenly left the curb or that he walked into the path of a vehicle (whether Deputy Miller's or another vehicle) when the vehicle was so close that it was "virtually impossible to avoid an accident." *See id.*[1]

**REVERSED AND REMANDED.**

---

[1] The government also argues that the officers could have reasonably believed Pennington was violating § 21955 and § 21950(b), or in the alternative, City of Compton Traffic Regulation § 12-2.34. But the government did not raise these arguments before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").