[S. F. No. 10051. In Bank.—April 12, 1923.]

# BERTHA O'MEARA, Respondent, v. THOMAS Q. SWORTFIGUER, Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND PEDESTRIAN—REGULATION OF TRAFFIC—ORDINANCES—INSTRUCTIONS.—In an action for damages for personal injuries to a pedestrian who was struck by an automobile near the center of the intersection of two streets, where the testimony as to how the accident occurred varied from that of the defendant to the effect that his automobile was standing still at the time of the collision and that the plaintiff heedlessly ran into its side and the testimony on behalf of the plaintiff that defendant's automobile suddenly swerved to the left from behind a street-car, which had been traveling in a westerly direction and was turning to the right, and, passing beyond the center line of the street, struck plaintiff, and where the testimony also varied as to the speed at which the defendant was operating his machine at the time of the accident, from fifteen miles per hour to his own testimony to the effect that he was at a standstill at the time of the collision, it was prejudicial error for the trial court to instruct the jury upon the theory that certain city ordinances regulating street traffic established the law of the city with relation to such traffic and that if the defendant violated the terms of the ordinances he was guilty of negligence.

[2] ID.—APPEAL—VERDICT—EVIDENCE.—In determining whether or not a verdict is supported by the evidence, it must be assumed on appeal that the jury accepted the view most favorable to the respondent.

[3] ID.—VERDICT—APPEAL—INSTRUCTIONS.—In such action, in determining on appeal whether given instructions, declaring that certain city ordinances established the law as to regulation of traffic in the city and that it was the duty of the defendant (the appellant) to travel as near the north curb line of the street as possible, are correct, it must be assumed that the jury might have believed the evidence upon which the instruction favorable to the losing party was predicated, and that if the correct instruction had been given upon that subject the jury might have rendered a verdict in favor of the losing party.

1. Effect of conflict between statute and local regulations as to automobiles, notes, 21 A. L. R. 1186; 1 L. R. A. (N. S.) 219; L. R. A. 1918D, 132.

Reciprocal duty of operator of automobile and pedestrian to use care when near street-car, note, 51 L. R. A. (N. S.) 1003.

[4] ID. — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY. — In such action, the question as to whether or not the plaintiff was guilty of contributory negligence was one for the trial jury.

[5] ID.—INSTRUCTIONS.—In such action, where the street-car which the defendant was following did not stop until it turned completely off to the right on the street intersecting the one on which it had been traveling, and the defendant did not pass alongside the street-car, but either proceeded directly forward or swerved to the left to pass around the rear end of the car, an instruction concerning the duty of the defendant in passing a street-car which was stopping for the purpose of taking on or discharging passengers, and the defendant's duties with reference to passing the car at a distance of at least six feet from the lower step, and stating that a violation thereof was negligence as a matter of law, should not have been given.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

E. S. Bell for Appellant.

L. T. Jacks and Horatio Alling for Respondent.

WILBUR, C. J.—This is an action to recover for personal injuries resulting to the plaintiff by reason of a collision between her and an automobile operated by the defendant at the intersection of Jones and O'Farrell Streets, in the city of San Francisco, on the sixth day of September, 1919. The defendant was proceeding westerly along O'Farrell Street and the plaintiff had alighted from a north-bound Jones Street car to transfer to a north-bound cable car which turned into Jones Street northerly from O'Farrell Street. Defendant's automobile had been following the O'Farrell Street car which turned from O'Farrell Street to Jones Street. The testimony as to how the accident occurred varied from that of the defendant to the effect that his automobile was standing still at the time of the collision and that the plaintiff heedlessly ran into its side and the testimony on behalf of the plaintiff that the automobile operated by the defendant suddenly swerved to the left from behind the O'Farrell Street car. which was turning

from O'Farrell to Jones Street, and, passing beyond the center line of O'Farrell Street, struck her when she was about in the middle of the street intersection. The testimony also varied as to the speed at which the defendant was operating his machine at the time of the accident, from fifteen miles per hour to his own testimony to the effect that he was at a standstill at the time of the collision.

[1] The plaintiff offered in evidence certain ordinances of the city and county of San Francisco regulating street traffic and the court instructed the jury upon the theory that these ordinances established the law of San Francisco with relation to such street traffic and that if the defendant violated the terms of the ordinance he was guilty of negligence. The case of *Ex parte Daniels,* 183 Cal. 636 [21 A. L. R. 1172, 192 Pac. 442], had not been decided at the time of the trial of the action, which occurred July 26, 1920. By that decision it was determined that an ordinance of a county, city, or city and county in conflict with the Motor Vehicle Act was void in the particulars where the conflict existed. There was testimony to the effect that the defendant was traveling more than ten miles and less than fifteen miles an hour. If, under the law, it was permissible for him to travel fifteen miles per hour, under the circumstances the instruction was erroneous. It is contended by the respondent, however, that the instruction limits the speed of ten miles an hour to those occasions where the view was obstructed and that defendant's testimony shows that his view was not obstructed. On the other hand, there is the evidence of the plaintiff that she looked toward the direction from which the automobile was approaching and did not see it and there was other evidence to the effect that the automobile was following the street-car, and plaintiff's explanation of the accident seems to be that the defendant suddenly swerved out from behind the street-car and almost immediately struck her. Under these circumstances the instruction was erroneous.

It is claimed, however, that this instruction was not prejudicial. The same contention is made with reference to the instruction to the effect that it was the duty of the defendant to travel as near the north curb line of the street as possible. In order to maintain this proposition the respondent sets out in her brief the two possible versions of

the accident, the one most favorable to the respondent, the other the extreme view favorable to the appellant, and then asserts that the jury accepted the view most favorable to the respondent. [2] It is true that in determining whether or not a verdict is supported by the evidence, we must assume that the jury accepted the view most favorable to the respondent. [3] However, in determining whether or not the instructions given are correct, we must assume that the jury might have believed the evidence upon which the instruction favorable to the losing party was predicated, and that if the correct instruction had been given upon that subject the jury might have rendered a verdict in favor of the losing party. Any instruction applicable to the case which is clearly erroneous may and usually does result in a miscarriage of justice where the facts are as complicated as those involved in a collision upon the public streets of a populous city. [4] The appellant relies upon the proposition that the evidence shows without conflict that the plaintiff was guilty of contributory negligence. It is sufficient to say in this respect that the question was for the trial jury. (*Burgesser et al.* v. *Bullock's et al.*, 190 Cal. 673 [214 Pac. 649].)

The jury were instructed that there was an ordinance of the city and county of San Francisco "requiring every person riding, driving, propelling or in charge of any automobile to on all occasions travel on the right-hand side of such street, as near the right-hand curb thereof as possible," and that if the jury believed that the defendant "violated said ordinance by driving said automobile upon and along the southerly or left-hand side of said O'Farrell Street in a westerly direction, and not as near the right-hand curb thereof as possible, then you are instructed in that behalf that you will find as a matter of law that the defendant was guilty of negligence in violating said ordinance." In this connection it should be stated that the defendant testified that his automobile was straddling the north rail of the north street-car tracks up to the time of the accident, and consequently was not as near the north curb of the street as possible. He denied swerving his car to the left of the center of the street, as testified to by some of the witnesses. The jury were also instructed that the defendant was guilty of negligence as a matter of law if he "drove his automobile

at a greater rate of speed than ten miles an hour where his
view of the street traffic was obstructed, either upon ap-
proaching an intersecting street or in traversing a crossing
or intersection of ways, or in approaching or traversing
across an intersection of ways, then you are instructed in
that behalf that you will find as a matter of law that the
defendant was guilty of negligence in violating said ordi-
nance.'' It is difficult to determine from this instruction
whether the defendant was guilty of negligence as a matter
of law in traversing the street intersection at a speed
greater than ten miles an hour or whether he was negligent
in so doing only in the event that his view was obstructed.
The Motor Vehicle Act as amended in 1919 fixes the speed
limit at a street intersection at fifteen miles per hour.
(Stats. 1919, sec. 22, sub. a, p. 220.)

If the jury believed from the evidence in this case that
the defendant was traveling in excess of ten miles an hour
in approaching the intersection and that the accident re-
sulted from this rate of speed they may readily have deter-
mined under the instructions that the rate of ten miles per
hour applied to the circumstances shown in the evidence
and have based their verdict upon this rate of speed. We
cannot say that they did not do so. With reference to the
instruction concerning the duty of the defendant to travel
as near the north curb line of the street as possible, it is con-
tended that although the court instructed the jury that the
law required the defendant to travel as near as possible to
the north curb line, and although the defendant himself
testified that he was not doing so, that the instruction did
not direct a finding of negligence unless it appeared to the
jury that the defendant crossed over to the south side of the
street. It is true that the instruction was apparently
framed upon this theory, but the jury were repeatedly told
the terms of the ordinance, the ordinance was introduced in
evidence, and it was repeatedly stated in the instruction
that a violation of the ordinance in certain particulars was
negligence. We doubt if it can be said with any degree of
assurance that the jury were impressed by the instructions
with the fact that it was only permissible for them to find
negligence as a result of the violation of the provision of
the ordinance where the defendant passed beyond the center
line of O'Farrell Street. It is clear, we think, from the

instructions as a whole that the jury understood that if the defendant violated the municipal ordinance in any respect he was guilty of negligence in that regard and that if such negligence was a proximate cause of the injury the verdict should be for the plaintiff.

The jury were also instructed at length concerning the duty of the defendant in passing a street-car which was stopping for the purpose of taking on or discharging passengers, and the defendant's duties with reference to passing the car at a distance of at least six feet from the lower step was stated to the jury, and a violation thereof was declared to be negligence as a matter of law. The evidence is uncontradicted that the street-car which the defendant was following did not stop until it turned completely off of O'Farrell Street on to Jones Street in a right angle position to that which it had occupied while defendant was following it. He did not pass alongside the street-car at all, but either proceeded directly forward, as he testified, or swerved to the left to pass around the rear end of the car, as other witnesses testified. [5] Neither the ordinance nor the statute (Motor Vehicle Act of 1919, Stats. 1919, sec. 20, sub. o, pp. 192, 217) applied to the situation as disclosed by the evidence, and this instruction should not have been given. The jury may have inferred from this instruction that if the defendant passed the street-car within four feet, either while proceeding directly forward, as he claimed, or swerving to the left, as other witnesses claimed, that he was negligent, and they may have concluded that such negligence was the proximate cause of the injury. From the foregoing it is evident that the jury was erroneously instructed. We have no means of ascertaining the exact conclusions of the jury upon the facts. There were no special findings and we cannot for that reason say whether the jury, if properly instructed, would have rendered a verdict in favor of the plaintiff or the defendant. The parties were entitled to have a jury determine the facts. The failure of the jury to pass upon and determine the facts is, of itself, a miscarriage of justice, unless the facts that are admitted are proved beyond controversy, this court can say that the defendant was liable for the injury. In this case we need not inquire to what extent this court may weigh the evidence in determining whether or not there has been a miscarriage of

justice, for it is clear that the ascertainment of fact in this case should have been left to the jury.

Judgment reversed.

Myers, J., Seawell, J., Kerrigan, J., Lennon, J., Waste, J., and Lawlor, J., concurred.