[Civ. No. 6882. Second Appellate District, Division Two.—October 25, 1932.]

FRANCESKA CROXALL, Respondent, v. BROADWAY DEPARTMENT STORE, INC. (a Corporation), et al., Appellants.

George L. Greer for Appellants.

Clyde C. Shoemaker for Respondent.

THOMPSON (IRA F.), J.—On August 12, 1927, at about 6 o'clock in the evening the plaintiff alighted from an east-bound street-car on the west side of Seventh and Spring Streets, in Los Angeles. At the time she started to alight she saw a truck just east of Broadway. She stepped off the car into a safety zone plainly marked with paint and large metal traffic buttons, which zone was 6 feet wide and 102 feet long, extending westerly along the street-car track from just west of the pedestrian crosswalk connecting the west sidewalk of Spring Street. From the safety zone to the sidewalk it was 15 feet, 8 inches. As the plaintiff started for the sidewalk she glanced over her shoulder and saw the truck at about the alley between the two thorough-fares or about 100 feet away. As she testified "she thought" she "had plenty of time to make the curb in safety". However, the truck, which was traveling about 30 miles an hour in the opinion of a witness just before the brakes were applied, and which after they were applied left skid marks about 25 or 35 feet long and brushed the loose material away for another 4 or 5 feet, was unable to stop, but ran into and injured her. The corner is one of the busy corners in Los Angeles, particularly at 6 o'clock

in the evening and the traffic is controlled by signals. When the truck was about opposite the westerly end of the safety zone the east and west signals changed from "Go" to "Stop". This is an appeal from the judgment entered upon the verdict of the jury in favor of the plaintiff.

The sole question presented is indicated by the affirmation of the appellant that "Plaintiff was guilty of negligence directly contributing to her injury." The argument indulged in support of this position is founded upon the twofold contention that respondent was not only violating an ordinance as she crossed from the safety zone to the curb, but also neglectful of her own safety in attempting to pass in front of the approaching truck. The ordinance referred to is contained in section 4 of article II and section 10 of article III of the traffic ordinance of Los Angeles. They read as follows:

"Article II, Sec. 4. Obedience to Traffic Signs: It shall be unlawful for any person to disobey the instruction of any mechanical traffic signal, lettered traffic sign, or paint marks placed upon the surface of the roadway in accordance with the provisions of this ordinance, or any barrier or sign erected by any of the public departments or public utilities of the City of Los Angeles, provided the form of such barrier has been approved by the Board of Police Commissioners."

"Article III, Sec. 10. Use of Roadways: It shall be unlawful for any person to stand or walk in the roadway other than in a safety zone or in a cross-walk, if such action interferes with the lawful movement of traffic; provided that no pedestrian shall cross a roadway other than by a route at right angles to the curb, or by the shortest route to the opposite curb, and provided, further, that in the Central Traffic District no pedestrian shall cross a roadway other than by a cross-walk."

The respondent directs our attention to the definition of a roadway as contained in the ordinance as follows: "That portion of a street between the regularly established curb lines," and also the following definition of a crosswalk: "That portion of the roadway included within the prolongation of sidewalk lines at street intersections and such other places as may be designated by boundary lines upon the

surface of the roadway." Our notice is also directed to subdivision b of section 35 of article V, which reads as follows: "The driver of a vehicle overtaking any railway, interurban or street car stopped or about to stop for the purpose of receiving or discharging any passenger, shall bring such vehicle to a full stop at least ten feet in the rear of such street car and remain stationary until any such passenger has boarded such car or reached a place of safety, except that where traffic is controlled by an officer or a traffic stop-and-go signal, a vehicle need not be brought to a full stop before passing any such railway, interurban or street car, but may proceed past such car at a speed not greater than is reasonable or proper and in no event greater than ten miles an hour, and with due caution for the safety of pedestrians."

▪ It is argued by respondent that the ordinance does not require one in a safety zone to travel its length and into the crosswalk but that inasmuch as he is not crossing the roadway, he may go from the safety zone directly to the nearest curb, and that such right is clearly recognized in that portion of the last-quoted section which says that the driver of the motor vehicle may "proceed past such car at a speed not greater than is reasonable or proper, and in no event greater than ten (10) miles an hour, and with due caution for the safety of pedestrians". In this contention the respondent must be upheld. In the first place the pedestrian crossing from the safety zone to the curb does not come within the strict letter of the ordinance relating to those who are crossing the roadway from curb to curb. In the second place it would seem to have been the legislative intent to exclude them from being so included by making provision that the drivers of motor vehicles should use care not to endanger them in the use of the strip between the safety zone and the curb. This does not mean that the pedestrian must not use ordinary care for his own safety, but that in the exercise thereof he is not excluded from the same right to use the strip as is enjoyed by the drivers of motor vehicles. ▪ Therefore, the only question remaining is whether as a matter of law it can be said that respondent was guilty of contributory negligence in starting to cross the space in front of an automobile 100 feet away or thereabouts. We have no hesitancy in declaring that

such a question was for the jury. The case of *Morgan* v. *Los Angeles R. & G. Corp.*, 105 Cal. App. 224 [287 Pac. 152], together with the authorities there cited concludes the argument in this particular.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1932.