[Civ. No. 11957.   Second Appellate District, Division Two.—November 16, 1938.]

EMMA BROCKWAY et al., Respondents, v. THE WESTERN UNION TELEGRAPH COMPANY (a Corporation), Appellant.

Edwin Camack, F. A. Waters and Francis R. Stark for Appellant.

Delamere F. McCloskey and Russell D. Hardy for Respondents.

CRAIL, P. J.—This is an appeal from a judgment against the defendant in the case of a collision between the bicycle of the defendant and a pedestrian. The contention of the defendant is (1) that there is no evidence showing negligence on the part of the bicycle operator, (2) that deceased was guilty of contributory negligence as a matter of law, and (3) that the operator of the bicycle was not at the time of the accident acting within the scope of his employment.

On the 19th day of January, 1937, at approximately the hour of 6 o'clock A. M., Eugene Blyth and Victor Korth, messenger boys in the general employ of the Western Union Telegraph Company, were riding bicycles north on Figueroa Street, the Korth boy riding approximately a bicycle length ahead of and to the left of the Blyth boy. The Blyth boy wore the uniform and the cap of the company. Upon the cap was printed the words, ''Western Union'', and on the bicycle operated by the Blyth boy appeared a sign with the printed words, ''Western Union''. The Blyth boy carried with him a kit or bag which was slung from his shoulder by means of a shoulder strap; which bag was of brownish green color. As the boys approached the intersection of West Eighth Street, the Korth boy yelled to the Blyth boy concerning the presence of the deceased, but the Blyth boy struck the deceased, claiming that it was too late for him to avoid

the collision. The Blyth boy did not see the deceased until approximately the time of the impact. The weather apparently was overcast; it was between darkness and daylight, and the only eye-witness to the accident other than the boys stated that she did not see any light on the bicycles. At the time of the accident and for some years prior thereto, the deceased, together with his wife, was engaged in selling newspapers on the corner of Eighth and Figueroa Streets. On the morning in question they had ridden a street car north on Figueroa Street. Mrs. Brockway had alighted at Ninth Street to pick up some newspapers from a man who regularly delivered them to her at that point. Her husband proceeded on to Eighth Street. The deceased alighted from the street car and the car went on. On account of a previous paralytic stroke the deceased moved very slowly both in getting off the street car and in walking. The deceased proceeded to cross from the safety zone to the nearest curb, being the easterly curb of Figueroa Street at an angle facing in a southeasterly direction, which said angle would, of necessity, keep him facing in the direction from which he could expect danger from traffic. When the deceased arrived approximately four or five feet from the easterly curb of Figueroa Street, the collision with the Blyth boy took place. The occurrence that called the attention of the witness, Mrs. Brockway, to the presence of the messenger boys was their "talking and laughing" immediately prior to the impact. Shortly after the collision, the Blyth boy was seen by the witness, Mrs. Brockway, to pick up from the pavement certain yellow envelopes which he put in his brownish green bag which was attached to his person and held by means of a strap over his shoulder. Said envelopes were scattered over the pavement, and were sealed envelopes. The witness was approximately across Figueroa Street from the scene of the accident when she saw the accident as described above.

It is our duty to view the evidence in the light most favorable to the successful party. In our view there is substantial evidence to support the implied finding of negligence on the part of the bicycle operator.

The defendant contends that the decedent was guilty of contributory negligence because, it alleges, the decedent was guilty of the violation of section 562 of the California Vehicle Code, which reads as follows: "(a) Every pedestrian

crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.'' However, responsibility on the part of decedent was not established by the fact that at the time when he was struck by the defendant's vehicle he was merely crossing that part of the roadway between a safety zone and a curb. (2 Cal. Jur. Ten-year Supp. 404.) In our view the deceased was not guilty of contributory negligence as a matter of law.

We are also of the view that there is some substantial evidence to sustain the implied finding that the bicycle rider was at the time of the accident acting within the scope of his employment.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.