[Civ. No. 2892.   Fourth Dist.   July 6, 1943.]

ARTHUR H. SHIPWAY, Appellant, v. JOHN C. MONISE, Respondent.

A. T. Procopio, Irving J. Kahn and Henry F. Walker for Appellant.

Luce, Forward, Lee & Kunzel, Gray, Cary, Ames & Driscoll and John M. Cranston for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries. Shortly after midnight on October 5, 1941, the plaintiff and another pedestrian, while crossing Pacific Highway in San Diego, were struck by an automobile driven by the defendant. Pacific runs north and south and is a four-lane highway. The plaintiff had parked on the west side of Pacific and was walking across that street towards the east when he was struck by defendant's car, which had been traveling north in the westerly of the two lanes for north-bound traffic. There was some question as to whether the plaintiff was at the time within an unmarked crosswalk, but most of the evidence would seem to indicate that he was crossing Pacific at a point about 60 feet north of an intersection.

The plaintiff testified that before attempting to cross he looked to the north and saw two or three south-bound cars coming; that he waited until they went by and then proceeded to cross; that as he neared the center of Pacific he looked to the south for any north-bound traffic; that he saw two cars approaching, one in each lane; that he stopped to allow these cars to pass; that when he stopped the nearest north-bound car was 200 or 250 feet to the south; that the place where he stopped was in the northerly crosswalk, about two feet west of the center of Pacific; and that just before the car in the westerly of the two lanes reached him it swerved across the center line and struck him before he could get out of the way.

The defendant testified that he was traveling north about two or three feet easterly from the center line; that his car at no time crossed over the center line of Pacific; that he did not see the plaintiff and first became conscious of having had an accident when he heard a "thud" at the front of his car; that there were several cars approaching from the north one of which had unusually strong lights; and that while he was straining his eyes and trying to watch "this thud happened." Another witness testified that shortly after the accident he asked the defendant if he had seen the pedes-

trians before he struck them and that the defendant replied that "they loomed up in front of him about ten feet ahead."

A jury returned a verdict in favor of the defendant and the plaintiff has appealed from the judgment on the ground that the court erred in giving and refusing certain instructions.

One of the most important questions of fact presented at the trial was as to whether the appellant was guilty of negligence in failing to comply with the rules of law governing the manner in which he might cross a street between intersections, outside of a crosswalk. The giving of proper instructions applicable to that issue was, therefore, important and whether the jury was properly instructed in this regard is the main question raised on this appeal.

Section 562 of the Vehicle Code provides that while so crossing a roadway a pedestrian shall yield the right of way to passing vehicles, but that this rule shall not relieve the driver of a vehicle from the duty of exercising due care for the safety of the pedestrian. In a number of cases in this state the meaning of this section has been passed upon. In *Genola* v. *Barnett,* 14 Cal.2d 217 [93 P.2d 109], it was held, in effect, that the right of way thus given to the driver of a car by this section is not an absolute one, that the section is not a prohibition against crossing between intersections, and that even where a pedestrian fails to so yield the right of way he may recover where it appears that the vehicle in question was being improperly operated. In *Brannock* v. *Bromley,* 30 Cal.App.2d 516 [86 P.2d 1062], the court stated that this duty of a pedestrian to yield the right of way may call for a higher degree of care than would be necessary for one crossing at a regular crosswalk, but that "the question as to whether or not care was exercised in a given case is one for the jury, unless he is so careless that it can be said he is negligent as a matter of law." In *Varner* v. *Skov,* 20 Cal. App.2d 232 [67 P.2d 123], it was held that this statutory provision does not give the driver of the car an absolute right of way without regard to the surrounding circumstances and that whether a reasonably prudent person would have crossed at the particular time and place depends upon a number of things, such as the distance and speed of the approaching car, and was a question for the jury. In *Watkins* v. *Nutting,* 17 Cal.2d 490 [110 P.2d 384], the court said: "The

right of the automobile driver to claim the right of way over a pedestrian crossing a highway other than at an intersection, or in a marked crosswalk, is not, therefore, an absolute one, nor is the pedestrian absolutely prohibited from so crossing. . . . Where, as in the present case, there is evidence that the injured person looked, but either did not see the approaching automobile, or saw it and misjudged either its speed or distance, the question whether, under the particular circumstances then existing, he was guilty of contributory negligence is one of fact.''

The respondent relies on *Chase* v. *Thomas,* 7 Cal.App.2d 440 [46 P.2d 200]; *Vitali* v. *Straight,* 21 Cal.App.2d 253 [68 P.2d 746], and *Weissman* v. *Seehusen,* 55 Cal.App.2d 391 [131 P.2d 10], as holding, in effect, that under section 562 an absolute right of way is given to the driver of the vehicle and that such a pedestrian must yield the right of way. Some of the language used in these cases is somewhat inconsistent with the rules above referred to, but that language was used in discussing factual situations and not in connection with instructions given, and those were all cases where contributory negligence appeared as a matter of law or very clearly appeared as a matter of fact. These cases are not controlling here.

In this case, after giving several instructions to the effect that the driver of the automobile was bound to use ordinary care in the operation thereof and that the plaintiff was bound to use ordinary care in crossing the street, and in looking carefully in the direction from which the approach of vehicles might be anticipated, the court read the provisions of section 562 of the Vehicle Code and then instructed the jury that if it should find that the plaintiff conducted himself at that time and place in violation of that section such conduct constituted negligence, as a matter of law, and that if such negligence was a proximate cause of the injuries the verdict must be for the defendant. It may be noted, in passing, that while the court thus told the jury that a violation of this section by the plaintiff would constitute contributory negligence as a matter of law, it neither commented on the second part of that section, which somewhat modifies the effect of the first part, nor explained the rights and duties of a pedestrian under such circumstances as those rights and

duties have been interpreted and clarified in the cases above cited.

Immediately after the instruction above referred to the court gave one reading as follows:

"You are further instructed that if you should find that plaintiff in this case, at the time of the accident, was crossing Pacific Avenue at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, as provided in Section 562 of the Vehicle Code, the plaintiff would have been obliged not only to yield the right of way to the automobile of the defendant, but also at all times to exercise due care in the use of the highway; and if you should further find that the plaintiff made no effort to do either, and that his failure in this regard contributed proximately to the accident, your verdict must be for the defendant."

In this instruction the jury was told that the plaintiff was not only obliged to exercise due care in the use of the highway but was also obliged to yield the right of way to the driver of the automobile. This is hardly a correct statement of the law and places a greater burden upon the plaintiff than that imposed upon him by the law. While it was his duty to exercise due care in crossing the highway, under the existing circumstances, if he did exercise such care he was entitled to proceed and was not obliged to yield the right of way in any event. Under the preponderance of the evidence, so far as shown by the record, the jury could hardly have helped finding that the appellant did not, in fact, yield the right of way to the respondent. This instruction came very close to telling the jury that this fact alone would prevent a recovery on his part.

After the jury had been sent out it returned into court and asked further instructions "Relative to pedestrians' rights and responsibilities in crossing the highway in the middle of the block." The court then said:

"If you should find that the plaintiff was crossing Pacific Highway at a point other than the marked or unmarked crosswalk, then that pedestrian must yield the right of way to a motor vehicle on the highway. The motor vehicle has the right of way. It is his duty to yield to the vehicle which has the right of way.

"If you should find that the plaintiff was crossing at a

crosswalk which is created by the prolongation of the curb and property lines across the street, then the pedestrian has the right of way and the automobile must yield to the pedestrian. Anyone using a highway has a right to expect that everyone else using the highway shall obey the law, but one must not rely upon that expectation to the extent that he does not take reasonable care not to do an injury to another.

"Now, that is about as far as I can go on these instructions."

While the duty to yield the right of way, imposed on a pedestrian by section 562, may call for a higher degree of care while crossing between intersections, the real question of fact in such a case is whether the required care has been exercised, and not merely whether or not the right of way has been actually yielded. These instructions, as a whole, emphasized the duty of the appellant to yield the right of way and failed to inform the jury clearly that that duty was not absolute and that the real question of fact in that connection was whether the appellant had exercised reasonable care under the circumstances there and then existing. ■ This defect in the instructions was greatly accentuated in the final instruction, after the jury had returned and asked for further light on that particular matter. The jury was then told in precise language, and in reply to a definite question, that the vehicle had the right of way and the pedestrian must yield thereto. To thus instruct the jury that the appellant was "obliged" to yield the right of way, that he "must" yield it, and that it is his "duty" to yield it was, in effect, to instruct the jury that the driver's right to the right of way was absolute. In spite of technical niceties it can hardly be doubted that a jury would so understand, especially in view of the language used in response to its inquiry with respect to that very matter, about which the previous instructions had left it in doubt. Under these circumstances, it cannot reasonably be held that the giving of the final instruction in this form was not prejudicial to the appellant.

In some manner the jury should have been told that the right of the respondent to the right of way was not an absolute one, and that it should consider and decide whether or not the appellant acted with reasonable care under the conditions as they existed, including the matter of whether or not, as a reasonable man and in view of those conditions, he

was justified in believing that he could safely proceed without interfering with the other's right of way.

The appellant also attacks a number of other instructions given by the court. While some errors appear therein they could hardly be held sufficiently prejudicial to justify a reversal, and it is unnecessary to discuss them as they have now been pointed out and may easily be corrected upon a new trial. ■ The appellant further contends that the court erred in refusing to give an instruction offered by him applying the doctrine of last clear chance. Not only was this instruction erroneous, in the form in which it was offered, but after reading the record we are of the opinion that no instruction of that nature should have been given under the circumstances here appearing.

The judgment is reversed and the cause remanded for a new trial.

Marks, J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 1, 1943.