[Civ. No. 17578. First Dist., Div. Two. Apr. 7, 1958.]

ELLENA SHACHUNAZARIAN, Appellant, v. BERTHA I. WIDMER, Respondent.

Hoberg & Finger and Albert Polonsky for Appellant.

Pelton, Gunther, Durney & Gudmundson for Respondent.

DRAPER, J.—Plaintiff stood on the south curb of Geary Street in San Francisco, awaiting an eastbound streetcar. She was opposite the western end of the safety zone marked for streetcar passengers, and an appreciable distance west of the Parker Avenue crosswalk. Defendant had parked her car parallel to the curb on the same side of Geary Street and sat in the car awaiting a friend. Upon the friend's arrival, defendant started the car and backed up, striking plaintiff, who had left the curb to walk to the safety zone. Plaintiff brought this action for damages for personal injuries thus sustained, and appeals from judgment upon jury verdict for defendant.

Appellant urges that the court erred in reading to the jury section 77 of the San Francisco Traffic Code:

"Unless otherwise directed by a police officer, no pedestrian in the metropolitan traffic district or in any business district shall cross a roadway other than in a crosswalk."

and in instructing the jury that violation of this ordinance raises a rebuttable presumption of negligence. The ordinance is properly within the field of municipal regulation. (Veh.

This error requires reversal. However, to aid the trial court upon retrial, we discuss a further question raised by this appeal.

Appellant contends that the ordinance can have no application because appellant, in walking from the curb to the streetcar safety zone, was not "crossing a roadway." Her view apparently is that the ordinance does not prohibit the crossing of part of a roadway, at least where the part so crossed lies between the curb and a safety zone.

■ In general usage, a city street is a "roadway" from curb to curb. Roadway is defined as "the strip of land over which a road is constructed; hence, a road; specif., that part of a road over which the traffic travels." (Webster's New International Dictionary, 2d ed.) The Vehicle Code defines "roadway" as "that portion of a highway improved, designed or ordinarily used for vehicular traffic." (Veh. Code, § 83.) As to city streets, either definition would include the paved area from curb to curb.

■ Appellant, however, cites authorities which she claims hold that crossing part of a street, particularly that portion between curb and safety zone, is not the crossing of a roadway. But these decisions do not support the rule urged by appellant. In *Croxall* v. *Broadway Dept. Store, Inc.,* 127 Cal.App. 153 [15 P.2d 546], a city ordinance contained language requiring pedestrians to cross at a crosswalk or "by the shortest route to the opposite curb." Relying in part upon the quoted language, the court held that the "strict letter" of the ordinance prohibited only curb to curb crossing by pedestrians. Comparable language does not appear in the ordinance before us.

*Brockway* v. *Western Union Tel. Co.,* 29 Cal.App.2d 244 [84 P.2d 524], holds only that a pedestrian not in a crosswalk is not guilty of contributory negligence as a matter of law.

Vehicle Code, section 562, requires a pedestrian crossing a roadway other than at a crosswalk to yield the right of way to vehicles, but specifically provides that it shall not relieve a driver from the duty to exercise due care. Defendant sought reversal on the ground that the deceased pedestrian was guilty of contributory negligence as a matter of law. But on the facts recited in the opinion, it is clear that there was some evidence to support an implied finding that decedent was not negligent or that his contributory negligence, if any, was not a proximate cause of the collision. Clearly these questions were for jury determination. The court's statement that decedent "was merely crossing that part of the roadway between a safety zone and a curb" was not necessary to the decision, and the case does not purport to hold that the space between the curb and the safety zone is not a "roadway" within the meaning of the code section.

*Newton* v. *Thomas,* 137 Cal.App.2d 748 [291 P.2d 503] and *Kuist* v. *Curran,* 116 Cal.App.2d 404 [253 P.2d 281] are not in point. Both turn upon the fact question whether the pedestrian was standing still or was in fact crossing the roadway. In one case plaintiffs' decedent was conversing with the occupant of a parked car, and in the other plaintiff was a newspaper vendor selling in the middle of the street. In neither case was a safety zone involved, and in each the question was whether the pedestrian was standing still, in which case he would not be "crossing" a roadway, or was in fact in motion.

We find no merit in appellant's argument for limited definition of the phrase "cross a roadway." The definition she seeks would require proof of the intent of the pedestrian despite the total absence of any indication in the statute of such a requirement. It must be remembered that the term is used not only in the ordinance here in question, but in Vehicle Code, sections 560 and 562. One of these sections is designed to protect the pedestrian and one the driver. We doubt that appellant would argue that a pedestrian in a crosswalk is, to secure the benefit of section 560, required to show that he intended to cross the entire width of the street. The proposed construction could lead to infinite complications in cases where a plaintiff pedestrian is entitled to the presumption of due care.

We find nothing in the ordinance, the Vehicle Code sections, or the cases to require such a result. We therefore hold that one traversing all or a portion of the paved area be-

tween the curbs of a city street is "crossing the roadway" within the meaning of the ordinance and the code sections, even though he is walking from curb to safety zone.

Appellant also argues that a "parking strip" is not a part of the roadway. But certainly the portion of a paved city street adjacent to the curb is no less "improved, designed or ordinarily used" for vehicular traffic (Veh. Code, § 83), than is the center portion. Its use for parking is dependent upon movement of vehicular traffic in and out of the parking zones. When not occupied by parked cars, it is available and is commonly used for through traffic.

It is unnecessary to discuss the other points raised by appellant.

Judgment reversed and case remanded for new trial.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 7, 1958.