[Civ. No. 22737.   Second Dist., Div. One.   Apr. 6, 1959.]

GARY L. JONES, a Minor, etc., Appellant, v. EMMETT
BOYD WRAY et al., Respondents.

Pray & Price and William C. Price for Appellant.

Parker, Stanbury, Reese & McGee, Harry D. Parker and White McGee, Jr., for Respondents.

FOURT, J.—This is an appeal from a judgment after a verdict of a jury in favor of the defendants in a personal injury action brought by a minor plaintiff.

The accident occurred in the city of Long Beach on August 17, 1955, at about 1:50 o'clock p. m., at a point on Gaviota Street about 120 to 125 feet north of Hungerford Street. Gaviota is an ordinary residential street 30 feet wide, located in a general north-south direction, and intersects Hungerford Street, which is located in a general east-west direction. There were houses on both sides of Gaviota Street, and some trees were growing in the parkway. About 120 to 125 feet north of Hungerford Street two automobiles were parked on the east side of Gaviota Street. Opposite these parked automobiles, and on the sidewalk area on the east side of Gaviota Street several small children were playing. The plaintiff, a boy of the age

of 5 years and 3 months, resided with his parents in a house on the west side of Gaviota Street just north of where the accident occurred.

At the time in question, the defendant Wray was familiar with the area and had driven in an easterly direction on Hungerford Street, and then had made a left turn off of Hungerford Street onto Gaviota Street, heading north, at which time he was traveling about 15 to 20 miles per hour. He noticed the children on the sidewalk on the east side of Gaviota Street and north of Hungerford Street. He saw the parked automobiles and continued northward at a speed not exceeding 15 miles per hour. Wray looked at the children out of the corner of his eyes and looked at the street ahead and he testified that he saw no children in the street. Wray stated that when he was about opposite the rear of the second parked automobile he heard a thud or noise on the right side of his car. He testified that he did not see the child until afterwards, although he was looking at the children until he heard the thud. At the time of the thud the left wheels of Wray's car were approximately in the center of the street. There were no skid marks attributable to the Wray car. Wray brought his automobile to a stop, got out and saw the child lying in the street.

There apparently were no witnesses to the actual impact itself, excepting the driver Wray and the child who was injured, and there was no direct testimony as to how the boy got into the street or that he was in the street as Wray drove northward on Gaviota Street. However, several neighbors heard the impact and rushed out of their respective houses and saw the boy lying at about the center of the street at the rear of the left rear tire of the automobile. The boy was dressed in shorts and had grease on the back of his body.

The appellant complains that the court refused to instruct the jury that a child of the age of 5 years and 3 months was not guilty of contributory negligence as a matter of law, and instead instructed the jury, in effect, concerning the standard of care applicable to a child; further, that the court gave other instructions which were in conflict and prejudicial, and that the court refused to give plaintiff's proposed instructions with reference to the rights of a minor pedestrian in crossing the street.

The Supreme Court in *Courtell* v. *McEachen,* 51 Cal.2d 448 [334 P.2d 870], answered the first contention of appellant. In that case a child 5 years and 9 months of age was

injured from burns received upon coming into contact with some debris which was being burned by the defendants on a lot belonging to them. The trial court in the Courtell case instructed the jury, in effect, that, as a matter of law, the child was not guilty of contributory negligence. █ The Supreme Court said (at pp. 464-465):

"The questions whether a child was capable of exercising care to avoid the particular danger encountered and whether, if so, the child failed to exercise due care, thereby contributing to the injury, are normally for the trier of fact to determine. (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 139 [138 P. 712].) █ In keeping with this rule courts have rejected the theory that a child of plaintiff's age, namely, between 5 and 6, is incapable of contributory negligence as a matter of law. (*Smith* v. *Harger*, 84 Cal.App.2d 361, 370 [191 P.2d 25]; *Carrillo* v. *Helm Bakeries, Ltd.*, 6 Cal.App.2d 299, 304 [44 P.2d 604].) The evidence was conflicting as to whether plaintiff's dress caught fire because she played near flames or because she squatted down on embers, and a determination of this conflict was obviously essential in order to resolve the questions of plaintiff's capacity to exercise care for her safety and of her contributory negligence. Accordingly, those questions could not properly have been decided as matters of law.

"Plaintiff appears to take the position that, in cases involving injury to young children, the trial judge may determine the issue of contributory negligence even though questions of fact are presented. She relies on a statement in *Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173, 177 [175 P. 690], that 'as a rule courts upon appeal have not interfered with the discretion of trial courts in referring or in refusing to refer to juries the question as to whether the contributory negligence of children of the age of 14 years or under was such as to prevent their recovery. . . .' In that case, however, the trial judge had not decided the issue of contributory negligence but had submitted it to the jury. Thus, the case on its facts does not support plaintiff's position, and the quoted language should not be construed in the manner urged. █ Contributory negligence is a matter bearing directly upon the outcome of a suit, and, where, as in the present case, the facts are in dispute, there is no rational basis for permitting the judge, rather than the jury, to resolve that matter. So far as has been called to our attention, the existence of such an exceptional power is not recognized anywhere."

The trial court in the instant case, at the request of the plaintiff, gave BAJI Number 147 as the twenty-ninth instruction, which read as follows:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of Gary L. Jones and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.

"The rule just stated applies even when a child is charged with having violated a statute, or the evidence shows such a violation. The question whether or not the child was negligent still must be answered by the standard applicable to children as I have stated it to you."

The court also instructed the jury as follows: "You are instructed that at the time of the accident in question, Section 562 (a) of the Vehicle Code of the State of California read as follows:

" 'Crossing at Other than Crosswalks.

" '(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.' "

Subdivision (b) of section 562 of the Vehicle Code reads as follows:

"(b) [Duty of driver to exercise care.] The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway."

It is the belief of the appellant that the instructions as given are prejudicially contradictory. We are of the opinion that the appellant is correct.

In Cole v. Ridings, 95 Cal.App.2d 136 [212 P.2d 597], a minor plaintiff was injured in a collision between her and a motorcycle operated by a defendant. A jury returned a verdict for the defendants and against the plaintiff. The accident in the Cole case occurred on a residential street in Long Beach in an area where there were no marked crosswalks. An ice cream vendor, traveling south on the street in question where

the accident occurred, stopped his truck across the street from where the child was staying. The child crossed the street and, with other children, waited at the back of the truck to buy ice cream. While waiting, the grandmother of the child called to her to inquire if she needed any money. The child looked and then started toward the grandmother and was struck and rendered unconscious by the motorcycle. The driver of the motorcycle saw the ice cream truck about 100 feet away, *he saw no people about the truck* until the front of his cycle was about even with the front end thereof when he saw the child for the first time. He testified that the little girl "darted right out in front of the motorcycle. . . . From behind the truck. . . . Running. . . . Right in front of the motorcycle." The trial court instructed the jury substantially in the language of section 562, subdivision (a), Vehicle Code. The appellant child argued in that case substantially as the appellant argues in the instant case that, "the jury was told as a matter of law that if a minor failed to yield the right of way or failed to observe traffic conditions, she was guilty of contributory negligence;" that such an instruction placed a greater burden on the minor than is required of an adult and gave the driver of the vehicle an absolute right where none existed; that is, the court did not include in the instructions subdivision (b) of section 562 of the Motor Vehicle Code. The court in the Cole case appropriately said, among other things (at pp. 140-142):

"It is conceded by both sides that the court correctly instructed the jury on the conduct required of a minor, to wit:

" 'A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for her actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of Leola June Cole, and whether her conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.'

"However, appellants maintain that the court erroneously instructed the jury to the effect (1) that under section 562(a), Vehicle Code, every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to all vehicles upon the roadway; (2)

that if a pedestrian crosses other than within a marked or unmarked crosswalk at an intersection, the law requires the pedestrian to yield the right of way to all vehicles upon the roadway so near as to constitute an immediate hazard; (3) that 'Before attempting to cross a street that is being used for the traffic of motor vehicles, it is a pedestrian's duty to make reasonable observations to learn the traffic conditions confronting her, to look to that vicinity from which, were a vehicle approaching, it would immediately endanger her passage; and to try to make a sensible decision whether it is reasonably safe to attempt the crossing.'

"It is argued that by these instructions the jury was told as a matter of law that if the minor failed to yield the right of way or failed to observe traffic conditions, she was guilty of contributory negligence; and thus that they invaded the province of the jury, were in conflict with the correctly given instruction on the standard of care required of a minor, and were misleading as guides to the jury in its determination of questions of fact. Also, that the first of such instructions as given incompletely and incorrectly stated the law thereby placing a greater burden on the minor than is required of an adult and gave respondent driver an absolute right where none existed: i.e., the court did not include in the instruction subdivision (b) of section 562, Vehicle Code, which reads: 'The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.'

"While the duty to yield the right of way imposed on a pedestrian by section 562, *supra,* may call for a higher degree of care while crossing between intersections, the real question of fact in such a case is whether the required care has been exercised and not merely whether or not the right of way has been actually yielded. These instructions emphasized the duty of appellant to yield the right of way and failed to inform the jury clearly that such duty was not absolute and that the real question was whether appellant exercised reasonable care under the circumstances then. and there existing, to wit: that degree of care required of a minor under like circumstances. (See *Shipway* v. *Monise,* 59 Cal.App.2d 565, 571 [139 P.2d 60].)

"This is a very close case on its facts, particularly on the issue of negligence of the participants. It should be noted that there is some evidence of contributory negligence on the part of appellant, but it can hardly be said that the record

shows contributory negligence as a matter of law; that was an issue of fact for the jury. It cannot be assumed under the circumstances of this case that the jury's verdict for respondents was based on the evidence of contributory negligence alone; it may well have been predicated upon a theory of defense permitted by one or more of the erroneous instructions discussed above. (*Oettinger* v. *Stewart*, 24 Cal.2d 133, 140 [148 P.2d 19, 156 A.L.R. 1221], citing *O'Meara* v. *Swortfiguer*, 191 Cal. 12, 15 [214 P. 975], in which it is stated:

" 'It is true that in determining whether or not a verdict is supported by the evidence, we must assume that the jury accepted the view most favorable to the respondent. However, in determining whether or not the instructions given are correct, we must assume that the jury might have believed the evidence upon which the instruction favorable to the losing party was predicated, and that if the correct instruction has been given upon that subject the jury might have rendered a verdict in favor of the losing party.'

"Likewise in the case here under review. Therefore it was prejudicial error to give the instructions complained of."

In the recent case of *Shachunazarian* v. *Widmer*, 159 Cal. App.2d 180, it was stated at page 183 [323 P.2d 865]: "Vehicle Code, section 562, requires a pedestrian crossing a roadway other than at a crosswalk to yield the right of way to vehicles, but specifically provides that it shall not relieve a driver from the duty to exercise due care. Defendant sought reversal on the ground that the deceased pedestrian was guilty of contributory negligence as a matter of law. But on the facts recited in the opinion, it is clear that there was some evidence to support an implied finding that decedent was not negligent or that his contributory negligence, if any, was not a proximate cause of the collision."

In *Garibaldi* v. *Borchers Bros.*, 48 Cal.2d 283 [309 P.2d 23], a case involving an 8 and ½-year-old minor, in considering the instruction given, the court stated at page 293 the following:

". . . The criticized instruction reads as follows: 'While as to a roadway locality such as that involved in this case, a pedestrian has a right to cross the road at any point, these factors of consideration enter into the question of what conduct is required of him in the exercise of ordinary care. First: If he crosses at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, the law requires him to yield the right of way to all vehicles

on the roadway so near as to constitute an immediate hazard. Second: The amount of caution required to constitute ordinary care increases as does the danger that a reasonably prudent person, in like position, would apprehend in the situation.

" 'This duty to yield the right of way is *not an absolute one,* and it is for you to determine from the facts, whether the minor plaintiff, Albert Garibaldi, exercised reasonable care under the circumstances, that is, the degree of care ordinarily exercised *by a child of like age, mental capacity and experience.'* (Emphasis added.) This instruction supplied the precise language that was found wanting in the cases to which plaintiffs refer. (*Cole* v. *Ridings,* 95 Cal.App.2d 136, 141 [212 P.2d 597]; *Shipway* v. *Monise,* 59 Cal.App.2d 565, 571 [139 P.2d 60].) The second paragraph clearly and correctly informed the jury that the boy's duty to yield the right of way was not absolute, and that the basic test was whether he as a minor exercised reasonable care under all the existing circumstances. (See *Gavin* v. *Watt,* 144 Cal.App.2d 238, 242-243 [300 P.2d 842].) "

It was the theory of the appellant in the instant case that the boy had been first in the street and had been struck by the car, and then the car had passed over him. It was uncontradicted that when the car did come to a stop and the boy was picked up in the street, he was near the left rear of the tire of the automobile and had grease on his body, giving some indication at least that he had been under the car.

Each party is entitled to have instructions of law given to the jury applicable to his theory of the case and the evidence. (*Sills* v. *Los Angeles Transit Lines,* 40 Cal. 2d 630, 633 [255 P.2d 795]; *Barnett* v. *Garrison,* 93 Cal.App. 2d 553, 557 [209 P.2d 426]; *Ritchey* v. *Watson,* 204 Cal. 387, 390 [268 P. 345].) The appellant in this instance offered some instructions which, in effect, would have avoided the implication given by the language of Vehicle Code, section 562, subdivision (a), to the effect that the requirement to yield was absolute. Not all of the proposed instructions offered by the plaintiff were proper; however, in the event this case is retried we have no doubt that appropriate instructions with reference to such matters will be presented and given.

The pedestrian has certain rights, and as said in *Mitrovitch* v. *Graves,* 25 Cal.App.2d 649 [78 P.2d 227], after mentioning section 562 of the Vehicle Code (at pp. 654-655):

"The phrase employed in the statute which requires a pedes-

trian crossing a street or roadway at a point other than the regular marked crosswalk, to 'yield the right of way to all vehicles' does not mean that a pedestrian ventures upon a public highway or street at his peril, or that he must flee at sight of an approaching vehicle. The phrase merely means that when the course of an automobile along a highway meets with that of a person who seeks to walk across the street or roadway at a point other than along a marked crosswalk, under circumstances which render a collision likely, the pedestrian must stop and permit the vehicle to pass ahead of him. Yielding the right of way, within the meaning of the statute, merely means that the pedestrian shall defer to the driver of the vehicle and wait to permit the machine to pass ahead of him. That section is not intended to grant to vehicles a monopoly of streets or highways to the exclusion of pedestrians.''

And in *Lang* v. *Barry,* 71 Cal.App.2d 121, the court stated at page 124 [161 P.2d 949]:

''Defendant . . . urges that the minor plaintiff was contributively negligent as a matter of law in crossing the center line of the highway into the path of the car he had seen approaching, and in failing to yield the right of way as required by section 562 of the Vehicle Code. The contentions are without merit. Section 562 does not prohibit a pedestrian's crossing outside of a crosswalk at any time when a motor vehicle is on the highway. 'While the duty to yield the right of way, imposed on the pedestrian by section 562, may call for a higher degree of care while crossing between intersections, the real question of fact in such a case is whether the required care has been exercised, and not merely whether or not the right of way has been actually yielded.' (*Shipway* v. *Monise,* 59 Cal.App.2d 565, 571 [139 P.2d 60].) 'It cannot be said that as a matter of law a pedestrian who crosses a well lighted business street in the middle of a block is guilty of violating the statute or of negligence proximately contributing to his injury when he proceeds on his way after having observed an automobile approaching from a distance of 200 feet, with nothing to obstruct his view or that of the driver.' (*Fuentes* v. *Ling,* 21 Cal.2d 59, 62 [130 P.2d 121].)''

And in *Foti* v. *Morrissey,* 57 Cal.App.2d 328, at page 333 [134 P.2d 51], the court said:

''. . . The giving of the instruction is assigned as error, not because it states the law incorrectly but because it states it too bluntly and without explanation of what would have

constituted a yielding of the right of way by the decedent if he was found to have been under that duty. Our attention is called to *Umemoto* v. *McDonald* (1936), 6 Cal.2d 587 [58 P.2d 1274]; *Mitrovitch* v. *Graves* (1938), 25 Cal.App.2d 649 [78 P.2d 227]; and *Watkins* v. *Nutting* (1941), 17 Cal.2d 490 [110 P.2d 384]. It is quite true that an instruction upon a rule as vital as the right of way rule should not be stated in language so abstract and laconic as to leave the jury free to believe that a pedestrian struck outside of a pedestrian crossing must have been guilty of failing to yield the right of way and consequently guilty of contributory negligence. It is likewise true that when the right of way rule is stated in such a case it should be with the explanation that the vehicle driver who is entitled to the right of way is not thereby excused from the duty to exercise ordinary care."

And in *Francis* v. *City & County of San Francisco*, 44 Cal. 2d 335, at pages 339-340 [282 P.2d 496], it was said:

"Neither the pedestrian nor the driver of an automobile has a superior right to the use of the street. (*Burgesser* v. *Bullocks*, 190 Cal. 673, 675 [214 P. 649].) Each must exercise the care required of a reasonable and prudent person under the existing circumstances. Even where a right of way is given by statute, if conditions so require it to avoid injury to others, the right of way must be yielded. No general rule may be laid down which will fit all circumstances as to the duty of care required of a pedestrian in crossing a street."

■ In this case the defendant requested, and the court gave an instruction on unavoidable accident. The instruction as given read as follows:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been *proximately* caused by *negligence*.

"Even if such an accident could have been avoided by the exercise of *exceptional* foresight, skill or caution, still, no one may be held liable for injuries resulting from it.

"Bear in mind, however, that if the defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained by that defendant.

"Whether or not the accident in question in this case was

unavoidable is, of course, a question of fact for you to determine; and in giving the foregoing instruction I do not imply any opinion or suggestion as to what your finding should be.''

As we view it, in this particular case the giving of the last mentioned instruction only added to the confusion of the jury, and they might well have formed the impression that unavoidability was an issue to be decided, and that if true it constituted a separate ground of the defendant's nonliability, thereby emphasizing still further the defendant's case. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500].)

Under the particular circumstances of this case we believe the giving of the instructions, as heretofore indicated, and the refusal to give clarifying instructions constituted prejudicial error.

The judgment is reversed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 5, 1959.